Case: 22-80115, 10/26/2022, ID: 12573902, DktEntry: 3, Page 1 of 26

Docket Case No. 22-80115

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABEL CÁNTARO CASTILLO, ON BEHALF OF HIMSELF AND THOSE
SIMILARLY SITUATED,

Plaintiff-Petitioner,

v.

WESTERN RANGE ASSOCIATION,

Defendant-Respondent.

ON APPEAL FROM THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF NEVADA

---

## **RESPONDENT'S OPPOSITION TO PETITION FOR LEAVE TO**
## **FILE APPEAL**

---

ELLEN JEAN WINOGRAD, ESQ.    ANTHONY HALL, ESQ.
JOSE TAFOYA, ESQ.    JONATHAN McGUIRE, ESQ.
WOODBURN AND WEDGE    SIMONS HALL JOHNSTON, PC.
6100 Neil Road, Ste. 500    6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89511    Reno, NV 89509
(775) 688-3000    (775) 785-0088
ewinograd@woodburnandwedge.com    ahall@shjnevada.com
jtafoya@woodburnandwedge.com    jmcguire@shjnevada.com


*ATTORNEYS FOR DEFENDANT-RESPONDENT*
*Western Range Association*

i

# TABLE OF CONTENTS

Page(s)

CORPORATE DISCLOSURE STATEMENT    1

PRELIMINARY STATEMENT    2

INTRODUCTION    3

QUESTIONS PRESENTED    3

PROCEDURAL BACKGROUND    3

ARGUMENT    4

     A. STANDARD FOR GRANTING INTERLOCUTORY REVIEW    4

     B. THE PETITION FOR LEAVE TO FILE INTERLOCUTORY
APPEAL OF DENIAL OF FRCP 23 CLASS
CERTIFICATION VIOLATES THE DISTRICT COURT
STAY OF PROCEEDINGS    4

     C. THE PETITION FOR LEAVE TO FILE INTERLOCUTORY
APPEAL OF FRCP 23 CLASS CERTIFICATION
DENIAL IS PREMATURE    5

     D. THE DISTRICT COURT PROPERLY DENIED CLASS
CERTIFICATION UNDER THE APPLICABLE STANDARD    6

         **1) The District Court Properly Considered Rule 23's
Commonality Requirements**    6

             a. The District Court Properly Identified Why
the Prospective Class Members Do Not Share
Commonality    7

Page(s)

b. The Questions Petitioner Raised Do Not Constitute a Basis on Which the District Court was Required to Certify the Class .......... 9

    i.   WRA's Status as a Joint Employer Does Not Go to the Core Liability Issue .......... 10

    ii.   For the Reasons the District Court Stated in its Order, the Issue of What Wage was Required to be Paid to Petitioner Does Not Satisfy the Commonality Requirement .......... 11

    iii.   Despite that it is Premature to Address an "Engaged to Wait" Analysis in this Case Pending the Nevada Supreme Court's Answer the Substantial Differences in the H-2A Herders' Respective Working Conditions, Hours, Duties and Locations Obviate any Commonality for Rule 23 Purposes .......... 12

    iv.   The District Court Order was not a Decision Based Solely on Individualized Damages .......... 13

**2) The District Court Correctly Determined that the Proposed Class Members' Claims Are Not Typical** .......... 14

E. THE DISTRICT COURT'S ORDER DENYING CLASS CERTIFICATION DOES NOT TRIGGER THE APPLICATION OF THE DEATH KNELL DOCTRINE .......... 15

CONCLUSION .......... 18

NOTICE OF RELATED CASES .......... 19
- *Abel Càntaro Castillo v. Western Range Association,* 3:16-cv-00237 Nev. Sup. Ct. (Case # not assigned), 2022,
- *Abel Càntaro Castillo v. Western Range Association*

CERTIFICATE OF COMPLIANCE .......... 20

Case: 22-80115, 10/26/2022, ID: 12573902, DktEntry: 3, Page 3 of 26

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997) ................................................................. 9, 10, 17

*Armstrong v. Davis,*
    275 F.3d 849 (9th Cir. 2001) ............................................................ 16

*Chamberlan v. Ford Motor Co.,*
    402 F.3d 952 (9th Cir. 2005) ......................................... 4, 5,7, 10, 17, 18

*Eisen v. Carlisle & Jacquelin,*
    370 F.2d 119 (2nd Cir. 1966) ....................................................... 18, 19

*Falk v. Dempsey-Tegeler & Co., Inc.,*
    472 F.2d 142 (9th Cir. 1972) ......................................................... 17, 18

*General Telephone Co. of Southwest v. Falcon,*
    457 U.S. 147 (S. Ct. 1982) ................................................................. 9

*Herbst v. International Telephone and Telegraph Corp.,*
    495 F.2d 1308 (2nd Cir. 1974) ............................................................ 18

*Huntsman v. Southwest Airlines Co,*
    No. 19-CV-00083, 2021 WL 391300 (N.D. Cal. Feb. 3, 2021) ................... 11, 12

*In re AutoZone, Inc., Wage & Hour Imp. Pracs. Litig.,*
    289 F.R.D. 526 (N.D. Cal. 2012) .......................................................... 9

*In re Cement Antitrust Litigation,*
    673 F.2d 1020 ................................................................................ 4

*Jimenez v . Allstate Ins. Co.,*
    765 F.3d 1161 (9th Cir. 2014) ....................................................... 11, 15

*Leyva v. Medline Indus. Inc.,*
    716 F.3d 510 (9th Cir. 2013) ............................................................. 15

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012) .............................................................. 8

*Parra v. Bashas', Inc.,*
    536 F.3d 975 (9th Cir. 2008) ......................................................... 7, 10

*Weingartner v. Union Oil Co., of Cal.,*
    431 F.2d 26 (9th Cir. 1970) ........................................................... 17, 18

# TABLE OF AUTHORITIES CONTINUED

*Tiffany Hill v. Xerox Business Services, LLC.,*
868 F.3d 758, (9th Cir. 2017)................................................................. 5, 6

*Ubaldi v. SLM Corp.,*
2014 WL 1266783 (N.D. Cal. Mar. 24, 2014)...................................... 9

*Vallario v. Vandehey,*
554 F.3d 1259.................................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011) ................................................... 7, 8, 9, 10, 12, 15

Statutes

Article 15§16 of the Nevada Constitution.................................................. 3

Rules

FRAP 5(c)................................................................................................. 21
FRAP 26.1 ............................................................................................... 1
FRAP 32(a)(5)......................................................................................... 21
FRAP 32(a)(6)......................................................................................... 21
FRAP 32(f)............................................................................................... 21
FRCP 23 ...............................................................................2, 3, 4, 5, 6, 9
FRCP 23(f) .............................................................................................. 4, 5
9th Cir. Rule 5-2(b) ................................................................................. 21

<u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to FRAP 26.1, the undersigned counsel of record for Defendant

Western Range Association hereby states as follows:

Western Range Association is a Non-Profit Corporation.

DATED this 26th day of October, 2022.

Respectfully submitted.

WOODBURN AND WEDGE

*s// Ellen Jean Winograd, Esq.*
ELLEN JEAN WINOGRAD, ESQ.

ANTHONY HALL, ESQ.
SIMONS HALL JOHNSTON, P.C.

ATTORNEYS FOR DEFENDANT-RESPONDENT
WESTERN RANGE ASSOCIATION

## PRELIMINARY STATEMENT

Respondent Western Range Association (hereinafter "WRA") recognizes that to the Order from which Petitioner seeks to file an Interlocutory Appeal, **expressly stayed this action, pending the Nevada Supreme Court determination on a certified question.** [Doc #318, p. 14].[1]

The Petition before this Court, pertains to the District Court's denial of Class Certification [Doc #318, pp. 16-17] and seeks Interlocutory Appeal of the FRCP 23 denial, in violation of the Federal District Court's Stay of proceedings. [Doc #318, p. 14]. The Court below expressly stated:

> For all the reasons mentioned previously, the Court will certify the following question of law to the Nevada Supreme Court.
>
> *   *   *
>
> The Court will defer on Defendant's summary judgment motion, **and stay all further proceedings until the Nevada Supreme Court answers the certified question.**

[Doc #318, September 26, 2022, Order, p. 14], emphasis added.

The certified question requests a legal interpretation of Nevada substantive wage and hour law. This legal interpretation is inextricably bound to the question presented in the Petition for Leave to File an Interlocutory Appeal of Denial of the FRCP 23 Class Certification. The analysis in the petition depends upon the validity of Class Certification denial, which in turn depends upon the Nevada Supreme Court's analysis of the certified question.

---

[1] The stay is also reflected on the ECF Docket, upper right corner, page one. The question certified is:

> Under the Constitution of the State of Nevada and Chapter 608 of the Nevada Revised Statutes, does Nevada law require Defendant WRA to pay Plaintiff Abel Càntaro Castillo 24 hours of wages for every day worked because Plaintiff Castillo was not allowed to leave and was always performing some job duties even though some of the time he spent on the range was for his personal benefit?

[Doc #318, p. 14]

## INTRODUCTION

This is a wage-and-hour lawsuit wherein H-2A visa non-immigrant worker Abel Cántaro Castillo ("Castillo" or "Petitioner") alleges he was underpaid wages pursuant to Nevada's Minimum Wage Amendment ("MWA") (Article 15§16 of the Nevada Constitution.) [Doc #111, ¶ 191]. Although Plaintiff has adduced <u>no</u> evidence that he or any putative "Class" member was paid less than the applicable H-2A wage rate for hours <u>actually</u> worked, Plaintiff asserts that because agreements approved by the Department of Labor ("DOL") require H-2A herders to be "on-call for 24/7", that is what Petitioner (claims) he actually "worked". This legal question was certified to the Nevada Supreme Court. [Doc #318, p. 14].

## QUESTIONS PRESENTED

The following issues are presented in the instant Opposition to the Petition For Leave to File an Interlocutory Appeal:

   a. Whether the Petition for Leave to File Interlocutory Appeal of the Denial of FRCP 23 Class Certification Violates District Court Order **Staying** Proceedings Pending Decision on Certified Question

   b. Whether the Petition for Leave to File Interlocutory Appeal of Denial of FRCP 23 Class Certification is Premature

   c. Whether the Petition for Leave to File Interlocutory Appeal of Denial of FRCP 23 Class Certification Must be Denied

## PROCEDURAL BACKGROUND

The relevant procedural history is that Plaintiff moved for FRCP 23 Class Certification on October 29, 2021. WRA opposed that motion and later filed a Summary Judgment Motion on April 13, 2022 [Doc #300], which contained a legal question which the District Court certified to the Nevada Supreme Court and **stayed** **all** proceedings pending the Nevada Supreme Court legal analysis of the question certified. [Doc #318, p. 14]. **In the same Order [Doc #318] the Court also Denied Class Certification.**

On October 11, 2022, Petitioner filed the instant Petition for Leave to Appeal pursuant to FRCP 23(f), which Respondent now opposes.

## ARGUMENT

### A. STANDARD FOR GRANTING INTERLOCUTORY REVIEW

Whether to grant a petition for leave to file Interlocutory Appeal, is purely discretionary, See FRCP 23 (f); *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) "[T]he grant of a petition for Interlocutory review constitutes the exception rather than the rule." *Id.* "We will exercise restraint in accepting Rule 23(f) petitions and will not accept such petitions as a matter of course." *Id.*

This Court agrees that interlocutory review is only allowed "sparingly and only in exceptional cases." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982); *Chamberlan v. Ford Motor Co.,* 402 F.3d 952, 959 (9th Cir. 2005). A decision to permit interlocutory review of a District Court's Order Denying Class Certification is discretionary. *Chamberlan* at 960. Petitioner requests review under the following categories:

> (1) There is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable;

> (2) The district court's class certification decision is manifestly erroneous.

See *Chamberlan v. Ford Motor Co., supra* at 959-960.

### B. THE PETITION FOR LEAVE TO FILE INTERLOCUTORY APPEAL OF DENIAL OF FRCP 23 CLASS CERTIFICATION VIOLATES THE DISTRICT COURT STAY OF PROCEEDINGS

The District Court below expressly stayed proceedings stating "this Court will. . . stay all further proceedings until the Nevada Supreme Court answers the

4

Case: 22-80115, 10/26/2022, ID: 12573902, DktEntry: 3, Page 10 of 26

certified question." [Doc #318, p. 14]. As Petitioner <u>did</u> <u>not</u> move to lift the District Court Stay, it is still in effect. FRCP 23(f) and Petitioner's attempt to obtain Interlocutory relief from this Court overtly violates the stay imposed.

C.   THE PETITION FOR LEAVE TO FILE INTERLOCUTORY APPEAL OF FRCP 23 CLASS CERTIFICATION DENIAL IS PREMATURE.

Respondent respectfully submits that this petition not only violates the Stay but by virtue of the certification of legal questions to the Nevada Supreme Court, Interlocutory Appeal is *per se* premature. [Doc #318, p. 14].

In fact, the Ninth Circuit recently recognized the prematurity of Interlocutory Appeal when a legal question is certified to a State Court. In *Tiffany Hill v. Xerox Business Services, LLC.*, 868 F.3d 758, (9th Cir. 2017), an employee brought a putative class action against its employer seeking unpaid wages under the Washington Minimum Wage Act (MWA). In *Hill* this Court <u>itself</u> certified a state law question to the Washington Supreme Court regarding the employer's compensation plan and stayed proceedings. *Id at* 758, 763-764. Therein, the Court stated:

> [T]he critical issue in this case is whether Xerox's compensation plan complies with Washington law. There is no controlling precedent on this issue and its resolution is necessary to resolve Xerox's appeal.

*   *   *

> Because the controlling question of state law is not settled, we have concluded the appropriate course of action is to certify this issue to the Washington Supreme Court and request that it provide the dispositive answer.

*   *   *

> Further proceedings in our Court are stayed pending the Washington Supreme Court's decision whether it will accept review and if so, receipt of the answer to the certified question.

*Id* at 763-764.

In the instant case, the Court below already certified the question at issue to the Nevada Supreme Court and stayed proceedings. Petitioner's attempt to obtain an Interlocutory Appeal is therefore premature pending the Nevada Supreme Court's determination on the certified question.

As the Federal District Court below already <u>stayed</u> this matter pending Nevada Supreme Court determination, the argument herein against Interlocutory Appeal of the Federal District Court's denial of the FRCP 23 Petition is stronger than in *Hill v. Xerox Business Services, LLC, supra. Hill* involved a situation where the District Court itself certified the Defendants request for an Intermediate Interlocutory Appeal but this Court nonetheless stayed the matter pending determination on the certified question.

## D. THE DISTRICT COURT PROPERLY DENIED CLASS CERTIFICATION UNDER THE APPLICABLE STANDARD

The district court properly considered Rule 23's commonality requirements, correctly determined that the proposed class members' claims did not meet Rule 23's requirements, and therefore properly denied class certification.

### 1) The District Court Properly Considered Rule 23's Commonality Requirements

Petitioner asserts that the district court ignored authority applicable to the common questions he raised in support of class certification. Petitioner cites to *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 359 (2011) as stating that a single common question suffices for commonality, and Petitioner cites *Parra v. Bashas', Inc.,* 536 F.3d 975, 979 (9th Cir. 2008) to assert that factual differences within a class will not bar a finding of commonality if common questions of law exist. Petitioner also refers to *Chamberlan v. Ford Motor Co., supra*, as supporting this Court's interlocutory review based upon class certification being "easily

Case: 22-80115, 10/26/2022, ID: 12573902, DktEntry: 3, Page 11 of 26

ascertainable from the petition itself." Petitioner claims that differences in damages do not defeat commonality or predominance. Petitioner's contentions are based on an oversimplification and incomplete citation to the authorities on which he relies.

The Court below properly identified and explained why the prospective class members do not share commonality under the class certification requirements addressed in *Walmart v. Dukes, supra.*

Additionally, purportedly common questions Castillo raised do not constitute a basis on which the Court below was required to certify the class. Thus, there is no basis for this Court's review of the district court's order.

a.   The District Court Properly Identified Why the Prospective Class Members Do Not Share Commonality

In its order denying Petitioner's request for class certification, the Court below correctly identified and explained the vast differences in the putative class members' working conditions, hours, locations, and experiences, unique to H-2A sheep herders in Nevada. These differences are significant in demonstrating the absence of commonality among the putative class. *See* Order denying class certification, [Doc # 318, pp. 15-16], fully supported by WRA's Opposition to Petitioner's motion for class certification, [Doc #270, pp. 12-38], incorporated here by reference. Castillo's efforts to undermine the basis of the District Court's commonality determination fail.

Petitioner's citation to *Walmart v. Dukes, supra,* is an over-simplification and is substantively incomplete. *Walmart v Dukes, supra,* discusses the rule that requires a plaintiff to show that there are questions of law or fact common to the class. *Walmart v. Dukes, supra,* 564 U.S. at 349, 131 S.Ct. at 2550-2551. Commonality requires demonstration that the class members suffered the same injury. *Id.,* 564. U.S. at 349-350. That common contention must be of such a nature that it is capable of class wide resolution so a determination of its truth or

falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Walmart v. Dukes, supra,* 564 U.S. at 350; *see also Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 588 (9th Cir. 2012). What matters in class certification is not simply raising common questions, but the capacity of a class wide proceeding *to generate common answers* that tend to drive the resolution of the litigation. *Walmart v. Dukes, supra,* 564 U.S. at 350. It is an issue of predominance, which is more demanding and tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation, and which courts often address along with commonality in determining class certification requests. *See, Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 624 (1997) and *Ubaldi v. SLM Corp.,* 2014 WL 1266783 at *10 (N.D. Cal. Mar. 24, 2014). Certification is therefore only proper if the Court is satisfied, after rigorous analysis, that the requirements for class certification have been satisfied. *Walmart v. Dukes, supra,* 564 U.S. at 350-351, *citing General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160-161(S. Ct. 1982) (requiring *actual,* not presumed, conformance with FRCP 23).

FRCP 23's ("Rule 23") commonality language is easy to misread (*Walmart v. Dukes, supra,* 564 U.S. at 349 ), and Petitioner misreads it. None of the common questions Petitioner identified as the basis underlying the class certification request, are framed in the context of the answers that would resolve the litigation. As explained by the Court below, the vast differences between the individual members of the proposed class as WRA illustrates in opposing class certification (Doc #270, pp. 12-38) are determinative and defeat the prominence of any issue central to the proposed class members. Accord*, Walmart v. Dukes, supra.* Petitioner fails to reconcile what common answer would resolve the core issue of being underpaid based on *his* working conditions – among a putative class in which some of its members essentially indicate that they were overpaid for the hours and conditions in which they worked. *Accord, In re AutoZone, Inc., Wage &*

*Hour Imp. Pracs. Litig.,* 289 F.R.D. 526, 545 (N.D. Cal. 2012), aff'd 789 F.App'x 9 (9th Cir. 2019) (there cannot be a class action where there is no liability for some employees because a class that includes those who have not been harmed is both imprecise and overbroad). Thus, Petitioner's legal assertions fall far short of the full analysis of the commonality issue, as simply identifying common questions does not establish actual compliance with class certification requirements of Rule 23.

Petitioner's summary citation to *Parra v. Bashas', Inc., supra,* is similarly unavailing. Without compliance with what Rule 23 requires for commonality, what remains are the substantive differences within the putative class in reference to Castillo's core wages issue that prohibited the court from being able to determine that the proposed class members are sufficiently cohesive to warrant adjudication by Castillo as their representative. *Accord, Amchem Products, Inc. v. Windsor, supra.* The Court below considered the rigorous factual analysis of the vast differences between and among the proposed class members identified in WRA's opposition to Castillo's motion for class certification (Doc #270, pp. 12-28) and summarized them in its Order denying Castillo's motion (Doc #318, pp. 15-16). *Accord, Walmart v. Dukes, supra,* 564 U.S. at 350-51 (requiring a rigorous analysis) and *Chamberlan v. Ford Motor Co., supra,* 402 F.3d at 961 (rigorous analysis does not require a lengthy explanation). Thus, the District Court properly determined that Petitioner failed to establish commonality among proposed class members.

   b. The Questions Petitioner Raised Do Not Constitute a Basis on Which the District Court was Required to Certify the Class.

The questions Petitioner raised and calls "common" do not constitute a basis warranting class certification. WRA's joint employer status does not go to the core wages issue of Petitioner's legal theory(ies) for purposes of a commonality determination. For the reasons on which the District Court based its order, the

issue of what wage WRA was required to pay Castillo does not satisfy the commonality requirement.

It is also premature to address an "engaged to wait" analysis in this case until the Nevada Supreme Court answers the District Court's certified question to it. Finally, the District Court's Order denying class certification based upon a combination of substantive differences between and among the proposed class members was not a decision based only on individualized damages.

### i. WRA's Status as a Joint Employer Does Not Go to the Core Liability Issue

According to Petitioner, WRA's status as a joint employer in this case is a common question that satisfies Rule 23's commonality requirement. As WRA has explained in this case [Doc #270, pp. 39-40], even though it does not supervise workers, maintain payroll records, control conditions of employment, or working hours and conditions, it does not dispute that it is a joint employer for purposes of the H-2A program.[2] To the extent that WRA admits its context specific joint employer status, that does not create a common question that satisfies Rule 23's commonality requirement.

Integral to a determination of commonality is the court's consideration of the legal theory(ies) on which the plaintiffs' claims are based. *Jimenez v. Allstate Ins. Co.,* 765 F.3d 1161, 1165 (9th Cir. 2014) (whether a question will drive the resolution of the litigation necessarily *depends on the nature of the underlying legal claims*). Thus, resolved issues must still go to the core of the legal claims alleging common injury. Indeed, *Huntsman v. Southwest Airlines Co,* No. 19-CV-00083, 2021 WL 391300 (N.D. Cal. Feb. 3, 2021), cited by Castillo highlights exactly that. *Huntsman v. Southwest Airlines Co, supra,* involved various employee rights and benefits questions, and whether they satisfied commonality.

---

[2] The District Court did not find that WRA is a joint employer for purposes of either the FLSA or Nevada's MWA.

The district court considered the commonality questions at issue through the lens of *whether the class members suffered the same injury*. *Id.* Only those questions that spoke to the same injury met the commonality requirement for class status. *Id.*

The core legal theory(ies) on which Petitioner bases his claims herein concern the amount of wages he was paid as a sheep herder as a function of the number of hours "worked." [Petition for Leave to Appeal, p. 1]. The issue of WRA's status as a joint employer is, at best, tangential to, and not determinative of, the core legal issue of whether Castillo and the proposed class were paid the correct wages attributable to the hours worked. In this case, Joint employment provides no common answer that would facilitate resolution of the litigation. *Accord, Walmart v. Dukes, supra.* Thus, WRA's status as a joint employer for purposes of a commonality analysis is irrelevant and demonstrates **no** manifest error.

> ii. For the Reasons the District Court Stated in its Order, the Issue of What Wage was Required to be Paid to Petitioner Does Not Satisfy the Commonality Requirement

Petitioner asserts that the answer to what wages he should have been paid is a common question that determines whether there were contractual violations in reference to putative class members, allegedly employed under the same contractual terms. Castillo's conclusory analysis is an extension of his oversimplification of Rule 23's requirements as explained in *Walmart v. Dukes, supra* and addressed above.

As fully explained above, the Court denied class certification based on lack of commonality, due to the vast and irreconcilable differences among and between potential class member's working hours, conditions, locations, and experiences. *See,* [Doc #318, pp. 15-16]. While the proposed class members may have been employed under the same H-2A program, that, itself, is insufficient to establish

commonality for Rule 23 purposes. Rather, the vast and irreconcilable differences underscore the District Court's inability to determine that Castillo's claims and those of the proposed class are so interrelated that a class wide proceeding would generate common answers to facilitate resolution of the case. [Doc #318, pp. 15-16]; [Doc #270, pp. 12-38]. The issue at the core of Petitioner's legal claims fails to satisfy Rule 23's commonality requirement for purposes of class certification, and Interlocutory Review of the District Court Order is unwarranted.

> iii. Despite that it is Premature to Address an "Engaged to Wait" Analysis in this Case Pending the Nevada Supreme Court's Answer the Substantial Differences in the H-2A Herders' Respective Working Conditions, Hours, Duties, and Locations Obviate any Commonality for Rule 23 Purposes

Petitioner contends the "engaged to wait" standard would yield one answer for the entire proposed class because they all have the same duties and operate under similar conditions. Castillo's assertion is premature in light of the District Court's pending certified question to the Nevada Supreme Court. Additionally, for the reasons stated above and explained in detail in WRA's opposition to the motion for class certification [Doc #270, pp. 12-38], that conclusory assertion is absolutely untrue.

The contractual 24/7 on-call requirement that Petitioner identifies as common to all of the putative class members, has enormously differing meanings and applications depending upon where each herder worked, the work conditions specific to the location and/or the rancher for whom each herder worked, the hours of work required depending on the location and/or the rancher, and so on. [Doc #270, pp. 12-38]. Contrary to Petitioner's assertion that "…the District Court *presumed* [the herders] worked different numbers of hours[]" (Petition for leave to appeal at 14), the District Court affirmatively rejected any such presumption based on the content of the numerous and uncontested declarations from Nevada sheep

herders establishing that they do _not_ have the same duties nor do they operate under similar conditions. [Doc #270]. Thus, a common contractual clause that lacks effect across the putative class on the substantive differences of H-2A herder's actual work experiences <u>cannot</u> constitute the cohesive thread to justify adjudication by representation (*Amchem Products, Inc. v. Windsor, supra*), especially where some herders were not injured (*In re AutoZone, Inc., Wage & Hour Imp. Pracs. Litig, supra*).

Petitioner states that the putative class may rely on "evidence" that shows, by just and reasonable inference, the hours they worked, such as estimated hours based on a survey or statistical study. However, Petitioner fails to inform the Court of his inability to establish a valid survey or statistical study. [Doc #270, pp. 1-3,5,41].

Petitioner suggests that the declarations provided by WRA constitute such a survey or study and support a finding of commonality. As fully addressed in WRA's opposition to Castillo's motion for class certification [Doc #270, pp. 12-38] and incorporated into Order denying class certification, those declarations establish the <u>opposite</u>, and show how vast the differences in working conditions, duties, hours, and locations are between and among Nevada's H-2A herders to obviate any commonality.[3]

> iv.  The District Court's Order was not a Decision Based Solely on Individualized Damages.

Finally, Petitioner cites to authority that generally states that individualized damages cannot, by itself, defeat class certification, and that reversed a class certification denial based on individualized damages. *See, Leyva v. Medline Indus. Inc.,* 716 F.3d 510, 514 (9th Cir. 2013), as cited in *Jiminez v. Allstate Ins. Co.,* 765

---

[3] Indeed, and as addressed in WRA's opposition to Castillo's motion for class certification [Doc #270, pp. 1-3, 5, 41], Castillo's own experts were unable to obtain sufficient survey results to make conclusions on a class.

F.3d 1161 (9th Cir. 2014). Castillo's contention, however, completely mischaracterizes the basis of the court's analysis and decision.

In denying class certification, the District Court was clearly persuaded by and referenced the declarations and information WRA provided in opposing class certification that addressed the differences in working conditions, locations, hours, and duties. [Doc #318, pp. 15-16]. The district court did not just refer to the difference in hours worked, it also referenced the different working locations, conditions, experiences, and levels of hardship, and the combination of those substantive differences that obviated the commonality required for class certification.[4] *Id.* Thus, the district court did not deny class certification based only on individualized damages and, on that basis, is not subject to review. *Leyva v. Medline Indus. Inc., supra,* or *Jiminez v. Allstate Ins. Co., supra.*

### 2. The District Court Correctly Determined that the Proposed Class Members' Claims Are Not Typical

Castillo was also required to establish typicality of the claims and failed to do so. *Walmart v. Dukes, supra,* 564 U.S. at 378, n. 2. Petitioner challenges as manifest error the district court's determination that the differences in experiences among the putative class identified under its commonality analysis precludes the putative class members' ability to make claims based on the circumstances. Accord, *Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001) (addressing how typicality is established). According to Petitioner, that determination was based upon an erroneous legal standard: how many hours each proposed class member worked, and not on the "engaged to wait" standard that the District Court certified

---

[4] While these factors do relate to each herder's possible individual damages, these factors are necessary components of the more fundamental question of whether liability exists at all. As the District Court observed, the answers to the question of liability for each herder will be different based on these facts. The differences will be compounded by the fact that the answer may vary for each herder week-by-week (e.g., one herder may work long hours during lambing and then have virtually no work the next week due to snow or foggy conditions while another herder may have no duties during either of those weeks given the unique circumstances of his situation during the same time period. [Doc #318, pp. 14-17].

to the Nevada Supreme Court. Petitioner asserts that the District Court's determination on typicality was premature pending the Nevada Supreme Court's response to the District Court's certification question, but contradicts that by suggesting that typicality would be established even if the putative class was not "engaged to wait."

Again, a substantive analysis of the "engaged to wait" issue herein is premature pending the Nevada Supreme Court's answer to the District Court's certified question. However, regardless of how the Nevada Supreme Court responds to that question, Castillo still cannot establish typicality. The Court below based its decision on the varying and substantive differences that included working conditions, geography, location and levels of hardship. [Doc #318, p. 16]. Accordingly, the authority upon which Castillo relies to advance his mischaracterization of the District Court's Order is inapposite, incomplete, or both. Furthermore, what defeats class certification herein is class members who were not harmed. *In re AutoZone, Inc., Wage & Hour Imp. Pracs. Litig., supra* (there cannot be a class action where there is no liability for some employees because a class that includes those who have not been harmed is both imprecise and overbroad). As to unharmed putative class members, there is no violation or injury, thereby defeating Castillo's ability to establish Rule 23's typicality requirement.

E. THE DISTRICT COURT'S ORDER DENYING CLASS CERTIFICATION DOES NOT TRIGGER THE APPLICATION OF THE DEATH KNELL DOCTRINE

Petitioner also contends that the District Court's Order denying class certification is a death knell for the claims of putative class members. Petitioner selectively cites and quotes to *Chamberlan v. Ford Motor, supra, Weingartner v. Union Oil Co. of Cal.,* 431 F.2d 26, 28 n.4 (9th Cir. 1970), and *Amchem Products, Inc. v. Windsor, supra,* 521 U.S. at 617 (the vindication of the rights of groups of people who individually would be unable to bring their opponents to court).

Case: 22-80115, 10/26/2022, ID: 12573902, DktEntry: 3, Page 21 of 26

Petitioner raises the alleged difficulties that H-2A herders have accessing justice in the United States. Petitioner's death-knell doctrine analysis, however, is unsupported, misleading and patently incorrect.

In *Chamberlan v. Ford Motor Co., supra,* the Ninth Circuit noted that the review of class certification decisions is most appropriate when there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable. *Id.,* 402 F.3d at 959. Put differently, if District Court denies class action status it *would terminate the individual claim of the plaintiff,* and in effect *sound the 'death knell' for his action,* the decision permits review. *Falk v. Dempsey-Tegeler & Co., Inc.,* 472 F.2d 142, 144 (9th Cir. 1972).

*Chamberlan v. Ford Motor Co.'s* adoption of the death knell doctrine should be carefully limited, and must not serve as a basis for unwarranted interlocutory review of District Court Orders denying class action status. *Falk v. Dempsey-Tegeler & Co., Inc.,* 472 F.2d at 144. That is because an order denying class status is subject to review after there has been a final judgment on the merits of the plaintiff's individual claim. *Weingartner v. Union Oil Co. of California, supra,* 431 F.2d at 30.

Petitioner superimposes the impact of an order denying class certification on the putative class to create an incorrect construction of the death knell doctrine. The death knell doctrine has nothing to do with the impact on the putative class members. What Petitioner selectively quotes from *Weingartner v. Union Oil Co. of Cal., supra,* is footnote 4 in which the Ninth Circuit noted what the Second Circuit pondered in *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119 (2nd Cir. 1966), the case creating the death knell doctrine. Petitioner's selective dicta language is presented completely out of context.

As first announced in *Eisen v. Carlisle & Jacqueline, supra,* the death knell doctrine made an order final for purposes of appeal if the individual claim is so

16

small that the plaintiff will not proceed upon it alone. *See Herbst v. International Telephone and Telegraph Corp.*, 495 F.2d 1308, 1311 (2nd Cir. 1974). In *Eisen v. Carlisle & Jacqueline, supra,* the individual claim at issue was for $70, and, at that time, Rule 23 had been newly amended. In that context, the Court stated:

> We can safely assume that no lawyer of competence is going to undertake this complex and costly case to recover $70 for Mr. Eisen.... If the appeal is dismissed, not only will Eisen's claims never be adjudicated, but no appellate court will be given the chance to decide if this class action was proper under the newly amended Rule 23.

*Id.* at 120.

That is the portion of *Eisen v. Carlisle & Jackqueline, supra,* that *Weingartner v. Union Oil Co. of Cal., supra,* cited in footnote 4. Nothing in that footnote states, or even suggests, that putative class members would have "no realistic ability" to appeal the dismissal of the class action. [Petition, p. 19]. Castillo's selective quotation of language from footnote 4 creates a complete misstatement of the death knell doctrine.

Pursuant to *Chamberlan v. Ford Motor Co., supra,* and *Falk v. Dempsey-Tegeler & Co., Inc., supra,* the death knell doctrine permits this Court's review of the District Court's Order denying class certification if that order: (1) effectively terminates <u>Castillo's</u> claim and, therefore, this case; **and** (2) the District Court's order denying class certification is questionable. *Id.* By misstating the death knell doctrine and focusing the impact of the District Court's Order on the putative class[5] instead of on Petitioner, Castillo does not assert or even suggest that the district court's order effectively terminates his claims. On that basis alone, interlocutory review is not warranted.

Further, Petitioner's individual claims could be substantial, if the finder of fact ultimately finds that he was working 24/7 for 7 days a week, uninterrupted.

---

[5] Castillo seemingly suggests that the only way the putative class members he hopes to include in this case could have any potential redress for any claims they may have, is to be part of a class action. This is incorrect. Since fees, costs and other damages may be available, the herders' individual claims are viable.

Castillo – who bears the burden on this Petition – does not even bother to quantify for the court his range of his possible recovery.  Further, wage and hour claims may carry with them the possible award of fees and costs in addition to the alleged damages. Standing alone, this means that even without class certification, Castillo's case remains viable. The District Court's Order denying class certification is not questionable.  Thus, interlocutory review is not permitted.

CONCLUSION

Based on the foregoing, Respondent Western Range respectfully submits that Petitioner is violating the stay imposed by the District Court below. In addition, for the reasons and as set forth herein, the Petition for Leave to File an Interlocutory Appeal on the Denial of FRCP 23 class certification must be denied.

DATED this 26th day of October, 2022.

Respectfully submitted.
WOODBURN AND WEDGE

*s// Ellen Jean Winograd, Esq.*
ELLEN JEAN WINOGRAD, ESQ.

ANTHONY HALL, ESQ.
SIMONS HALL JOHNSTON, P.C.

# NOTICE OF RELATED CASES

Defendant- Respondent is aware of the following related cases:

- *Abel Càntaro Castillo v. Western Range Association,* 3:16-cv-00237

- Nev. Sup. Ct. (Case # not assigned), 2022,
  *Abel Càntaro Castillo v. Western Range Association*

DATED this 26th day of October, 2022.

Respectfully submitted.
WOODBURN AND WEDGE

*s//Ellen Jean Winograd, Esq.*
ELLEN JEAN WINOGRAD, ESQ.

ANTHONY HALL, ESQ.
SIMONS HALL JOHNSTON, P.C.

ATTORNEYS FOR DEFENDANT-RESPONDENT
WESTERN RANGE ASSOCIATION

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FRAP 5(c), Circuit Rule 5-2(b), and Circuit Rule 32-3 because this brief contains 5125 words, excluding the parts of the brief exempted by FRAP 32(f). Pursuit to Circuit Rule 32-3, the word count does not exceed the designated limit of 20 pages.

This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

DATED this 26th day of October, 2022.

Respectfully submitted.
WOODBURN AND WEDGE

*s // Ellen Jean Winograd, Esq.*
ELLEN JEAN WINOGRAD, ESQ.

ANTHONY HALL, ESQ.
SIMONS HALL JOHNSTON, P.C.

ATTORNEYS FOR DEFENDANT-RESPONDENT
WESTERN RANGE ASSOCIATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2022, I electronically transmitted the Respondent's Opposition to Petition for Leave to File Appeal to the Clerk's Office and served it on opposing counsel by email:

Christine E. Webber, Esq. (pro hac vice)
Megan Reif, Esq. (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W., Ste 500
Washington, DC 20005

_____
Employee of Woodburn and Wedge